## BURDEN OF PROOF THAT CLAIM IS NOT BARRED BY THE STATUTE.

Circuit Court of Cuyahoga County.

SARAH SCHMITH v. JOHN COULTON.

Decided, December 9, 1907.

*Statute of Limitations—Burden on Plaintiff to Show Payments.*

Where alleged payments are relied upon to take a cause out of the operation of the statute of limitations, the burden is upon the plaintiff to show that the payment was made by the defendant or under his direction.

*W. J. Patterson, for plaintiff* in error.
*Brady & Dowling,* contra.

MARVIN, J.; HENRY, J., concurs.

John Coulton brought suit against Sarah Schmith on an account, which, on its face, was barred by the statute of limitations, unless it was saved by payments made within six years last past.

The credits appearing upon the account read:

"Nov.  9, 1898, by cash,  $5.00.
"Feb. 23, 1899, by cash,  $5.00."

Suit was originally brought by the plaintiff against the defendant and another before a justice of the peace on the 10th day of January, 1905, and it is claimed by the plaintiff that the account there sued on was the same as that upon which suit is here brought and that that action was finally determined, not upon its merits, on the 8th day of February, 1906, and the petition in the present action was filed on the 28th day of March, 1906.

We deem it necessary to consider but one question here and that is whether the payment credited on the account as of February 23d, 1899, was made by the defendant or any person acting for her. This is put in issue by the answer of the defendant, which contains a general denial. Unless this payment was made by authority of the defendant within six years next prior

to the bringing of the suit before the justice of the peace, the claim is confessedly barred by the statute of limitations. The only evidence on this subject is the testimony of the plaintiff who says that the defendant's mother brought this $5 to him. This is not sufficient. It is well settled that the burden of showing a payment, must be shown to have been made by the defendant or by his direction in order to take the claim out of the statute of limitations. The ground upon which payment made upon claims, which would otherwise be barred by the statute within the period limited by the statute, is that such payment is an acknowledgment on the part of the debtor that he owes the debt, and it surely was no acknowledgment that Mrs. Schmith owed this debt, that her mother made a payment on it. The verdict must be set aside for error in overruling the motion for a new trial, because the verdict was not sustained by the evidence.